# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER L. WIESMUELLER,**

      Plaintiff,

-vs-                                                         Case No. 14-C-1384

**NEAL P. NETTESHEIM, in his official
and unofficial capacity as State of Wisconsin
Circuit Court Reserve Judge,**

      Defendant.

## DECISION AND ORDER

The *pro se* plaintiff, Christopher L. Wiesmueller, is a lawyer. The defendant, the Honorable Neal P. Nettesheim, is a former Wisconsin Court of Appeals judge. Post-retirement, Judge Nettesheim was the presiding judge in John Doe investigation Case No. 10JD000007 (Milwaukee County Circuit Court), commonly known as "John Doe I." On December 4, 2011, Judge Nettesheim issued a search warrant for Wiesmueller's law office. The search warrant included a gag order that prohibited Wiesmueller from discussing the warrant with anyone but his own legal counsel. John Doe I is now closed. Wiesmueller was not charged with a crime.

In this action, Wiesmueller brings First and Fourth Amendment claims under 42 U.S.C. § 1983 against Judge Nettesheim in his individual

and official capacities. Judge Nettesheim moves to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Judge Nettesheim also invokes judicial immunity, Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, abstention, and lack of standing. Some of these grounds invoke Rule 12(b)(6). On such grounds, the complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent that this motion implicates the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Ezekiel v. Michel*, 66 F.3d 894, 895 (7th Cir. 1995). Under either rule, the Court must accept all well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Id.*; *see also Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012).

Wiesmueller's first claim is that Judge Nettesheim violated the Fourth Amendment's requirement that a search warrant be issued by a detached and neutral magistrate. Wiesmueller asserts that Judge Nettesheim was not detached and neutral because he was acting as a reserve judge, not a salaried judge, and therefore had a financial interest in the perpetuation and extension of the John Doe investigation. Wiesmueller

seeks compensatory damages in addition to declaratory and injunctive relief. As to the latter, Wiesmueller requests a declaratory judgment that a Wisconsin John Doe judge is attached to the investigation and therefore violates the Fourth Amendment when authorizing search warrants related to that investigation. He also requests an order enjoining Judge Nettesheim from issuing any further search warrants.

On the damages claim, Judge Nettesheim invokes judicial immunity. This immunity finds its premise in the "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Accordingly, judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 356. The "necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Id.* A judge can be liable "only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)).

- 3 -

By issuing a search warrant, Judge Nettesheim did not act in the clear absence of jurisdiction because, as the Wisconsin Supreme Court has held, "a John Doe judge may issue and seal a search warrant under appropriate circumstances …" *State v. Cummings*, 546 N.W.2d 406, 409 (Wis. 1996). Where "jurisdiction over the subject-matter is vested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend." *Stump*, 435 U.S. at 356 n.6 (quoting *Bradley*, 13 Wall. at 351-52).

In fact, the primary thrust of Wiesmueller's argument is not that Judge Nettesheim acted without jurisdiction. Instead, Wiesmueller argues that Judge Nettesheim was acting in an investigatory capacity. However, the Wisconsin Supreme Court has rejected this characterization of the John Doe judge as "inevitably the 'chief investigator' or as an arm or tool of the prosecutor's office. We do not view the judge as orchestrating the investigation. The John Doe judge is *a judicial officer who serves an essentially judicial function* …" *State v. Washington*, 266 N.W.2d 597, 605 (Wis. 1978) (emphasis added). More to the point, the "relevant cases

- 4 -

demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump* at 362. Issuing a search warrant at the request of a prosecutor is a function typically performed by a judicial officer. *See, e.g., Curry v. City of Dayton*, 915 F. Supp. 2d 901, 903 (S.D. Ohio 2012) ("the issuance of a search warrant is unquestionably a judicial act") (quoting *Burns v. Reed*, 500 U.S. 478, 492 (1991)).

Wiesmueller's claims for injunctive and declaratory relief are not barred by judicial immunity, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), nor are they barred by the Eleventh Amendment. *See Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 908 (7th Cir. 1991) ("official-capacity actions may not be barred by the eleventh amendment insofar as they request prospective relief — i.e., an injunction or a declaratory judgment and monetary damages that are 'ancillary' to either"). However, Wiesmueller is not entitled to such relief because John Doe I is now closed. This means, of course, that Judge Nettesheim will not be issuing any more search warrants. As a result, there is no longer a live "case or controversy" on the Fourth Amendment issue. *City of Los Angeles v. Lyons*, 461 U.S. 95,

- 5 -

Case 2:14-cv-01384-RTR    Filed 06/23/15    Page 5 of 12    Document 14

102 (1983) ("past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects"). Wiesmueller lacks standing to enjoin the issuance of further warrants, and he also lacks standing to pursue a judgment declaring that a John Doe judge violates the Fourth Amendment when issuing a search warrant. *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) ("For a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts").

As to the First Amendment claim, Wiesmueller seeks declaratory relief that Judge Nettesheim cannot maintain a secrecy order on an ongoing basis, and in the alternative, an injunction against the continuing effect of the secrecy order. Unlike the Fourth Amendment claim, this claim presents a live controversy because Wiesmueller is forever barred from speaking about the matter.

On this claim, Judge Nettesheim invokes the *Rooker-Feldman* doctrine. *Rooker-Feldman* derives its name from two decisions of the Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Taken together, these rulings "preclude[] lower federal court jurisdiction

over claims seeking review of state court judgments … [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). *Rooker-Feldman* was given an expansive application by lower courts, but the Supreme Court put a stop to that in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Now, *Rooker-Feldman* is a "narrow doctrine, 'confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil*, 544 U.S. at 284). Put another way, "if the plaintiff has a claim that is in any way independent of the state-court judgment, the *Rooker-Feldman* doctrine will not bar a federal court from exercising jurisdiction." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007).

The only way Wiesmueller could have challenged the secrecy order was to bring a *separate* action in the form of a supervisory writ with the Wisconsin Court of Appeals. *See State ex rel. Reimann v. Circuit Court for Daney Cnty.*, 571 N.W.2d 385 (Wis. 1997). Accordingly, Wiesmueller is not

a "loser" with respect to the secrecy order; the issue was never litigated, and Wiesmueller was never a party to a proceeding in which it could have been litigated. *See, e.g., Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998) ("where a state action does not reach the merits of a plaintiff's claims, then *Rooker-Feldman* does not deprive the federal court of jurisdiction"); *Simes v. Huckabee*, 354 F.3d 823, 828 (8th Cir. 2004) (collecting cases); Wright & Miller, *Fed. Practice and Procedure* § 4469.1 (2002) ("A decision not on the merits also does not oust federal jurisdiction on the merits"). Therefore, *Rooker-Feldman* does not bar Wiesmueller's First Amendment claim.

Judge Nettesheim argues further that the Court should defer to the state courts (i.e., to him) regarding what documents should or should not be disclosed in connection with John Doe I. *O'Keefe v. Chisholm*, 769 F.3d 936, 943 (7th Cir. 2014) ("Wisconsin, not the federal judiciary, should determine whether, and to what extent, documents gathered in a John Doe proceeding are disclosed to the public"). This argument misses the mark because Wiesmueller isn't trying to secure the release of documents gathered in the course of the John Doe investigation. Instead, Wiesmueller wants the secrecy order to be lifted so he can speak about his own experiences with the investigation. The Seventh Circuit sidestepped this issue in *O'Keefe*, 769 F.3d at 943 ("no one has challenged [the gag] order,

and we do not address its propriety"), but the Court will take it up here to the extent that it will require further briefing from the parties on the issue. The briefing should consider the following. While the Seventh Circuit in *O'Keefe* was presented with an active John Doe investigation, there is no active John Doe before this Court. It is no more; the investigation has closed. Are not any orders issued in connection with that investigation now without force and effect? Given the pleaded facts of this case, is it even necessary for Wiesmueller to seek relief from a secrecy order which expired upon the conclusion of the John Doe? In other words, given the overriding constitutional protections of the First Amendment, can a secrecy order, which is only allowed to impinge upon Wiesmueller's fundamental First Amendment rights on the grounds that it promotes the effectiveness of a John Doe investigation, *see State v. O'Connor*, 252 N.W.2d 671, 678 (Wis. 1977), remain in force when the purpose for the infringement no longer exists? Hasn't the limited justification for infringing Wiesmueller's First Amendment rights evaporated with the conclusion of the John Doe, and aren't Wiesmueller's First Amendment rights restored to the extent that any prior restraint is without current effect?

Therefore, as indicated the Court asks the parties to brief why, given the pleaded facts of this case, the Court should not declare that

Wiesmueller is entitled to relief from an order that is now without legal effect and constitutionally proscribed.

In connection, Judge Nettesheim argues that injunctive relief is precluded by the "judicial capacity" amendment to 42 U.S.C. § 1983, which provides that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." This language was added to Section 1983 in response to *Pulliam, supra*, which held that judicial immunity did not insulate judicial officers from injunctive relief. *SKS Assocs., Inc. v. Dart*, 650 F. Supp. 2d 835, 837 (N.D. Ill. 2009). Judge Nettesheim was not acting in derogation of a declaratory decree at the time the secrecy order was issued, so the availability of injunctive relief and whether it is necessary would appear to turn on the availability of the declaratory relief discussed above. Wiesmueller pleaded such claims in the alternative, so the judicial capacity amendment is no basis for dismissal at this time. *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) ("The foregoing amendatory language to §1983 does not expressly authorize suits for declaratory relief against judges. Instead it implicitly recognizes that declaratory relief is available in some circumstances, and then limits the

- 10 -

Case 2:14-cv-01384-RTR   Filed 06/23/15   Page 10 of 12   Document 14

availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").

Wiesmueller's last claim seeks an order requiring Judge Nettesheim to disclose whether search warrants were issued upon email and internet service providers for Wiesmueller and other targets involved in the John Doe investigation. In this manner, Wiesmueller hopes to uncover potential Fourth Amendment violations because he has a reasonable expectation of privacy in his email account. Wiesmueller also seeks to vindicate the Fourth Amendment rights of others who have been similarly targeted. Finally, Wiesmueller asserts that the Sixth Amendment rights of his clients may have been violated as a result of the possible invasion of privacy.

This is a strange claim for a variety of reasons. Wiesmueller could have alleged, on information or belief, that his Fourth Amendment rights were violated as described above. Then, if the case made it past the pleading stage, Wiesmueller could have sought discovery to prove his claim. Here, the *remedy* sought by Wiesmueller is discovery in aid of a claim that may or may not exist. Thus, Wiesmueller's final claim does not state a claim upon which relief can be granted. Moreover, even if Wiesmueller had properly alleged a Fourth Amendment violation, such a

claim would be barred by judicial immunity for the reasons already stated. Therefore, the Court will not grant leave to amend on this claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Judge Nettesheim's motion to dismiss [ECF No. 7] is **GRANTED-IN-PART** and **DENIED-IN-PART;** and

2. Wiesmueller's First Amendment claim will be addressed after further briefing of the parties as directed by the Court. Wiesmueller will file the opening brief, which is due within **thirty (30)** days of the date of this Order. Briefing will proceed in accordance with Civil L.R. 7.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**