UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER L. WIESMUELLER,**

      Plaintiff,

-vs-                              Case No. 14-C-1384

**NEAL P. NETTESHEIM, in his official
and unofficial capacity as State of Wisconsin
Circuit Court Reserve Judge,**

      Defendant.

## DECISION AND ORDER

On June 23, the Court issued a decision requesting further briefing on Christopher Wiesmueller's claim that the secrecy order in John Doe investigation Case No. 10JD000007 (Milwaukee County Circuit Court), commonly known as "John Doe I," violates his First Amendment rights. The defendant, the Honorable Neal P. Nettesheim, responded by lifting the secrecy order with respect to Mr. Wiesmueller. As a result, Judge Nettesheim argues that Wiesmueller's First Amendment claim is now moot. Judge Nettesheim's order states, "I find that the interests in public disclosure outweigh the need for continued secrecy."

This Court reads that language to say, "I find that the interest Wiesmueller has in his First Amendment right of disclosure outweighs the

need to further impose upon that right in order to ensure continued secrecy to protect the John Doe investigation." For the interest at issue here is not public disclosure but rather Wiesmueller's First Amendment right, if he so chooses, to disclose his involvement in the John Doe. Whether the public has access to this information depends first on whether Wiesmueller can exercise his First Amendment right to disclose it. And the need for limiting this First Amendment right to disclose, done for the purpose of protecting an ongoing John Doe process, ends when the John Doe ends.

Therefore, there is no need to conduct a balancing test between a participant's First Amendment rights and the limitation of those rights which are only found to be in the public interest to protect a John Doe investigation when the need for that protection disappears. This is not true of those John Doe participants, such as prosecutors, government agents, court reporters, etc., whose First Amendment rights are not implicated in the effort to maintain secrecy. It would appear that they are bound by the secrecy order unless relieved by a determination that "the interests in public disclosure outweigh the need for continued secrecy." Here it seems is where this balancing test applies.

The Court agrees that this case should be dismissed.

The Court's June 23 Order granted Judge Nettesheim's motion to

dismiss the balance of Wiesmueller's claims. ECF No. 14. Therefore, the Clerk of Court is directed to enter judgment and close this case.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2015.

                                        **SO ORDERED:**

                                        *[signature: Rudolph T. Randa]*

                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**